**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**JAMIE S. JUSTICE,**

       **Plaintiff,**

**v.**
                              **CIVIL ACTION NO. 1:17-cv-03967**
                              **(The Honorable David A. Faber, Judge)**

**RALPH W. JUSTUS,**
**JAROD A. TUPPER, and**
**JOHN DOE, individually as members of**
**the West Virginia State Police,**

       **Defendants.**

**<u>RALPH W. JUSTUS' ANSWER TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW Defendant Ralph W. Justus, by counsel, Michael D. Mullins and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Complaint as follows:

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

In response to the specific enumerated paragraphs of Plaintiff's Complaint, this Defendant responds as follows:

1.      The paragraph numbered 1 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

2.      This Defendant denies the allegations set forth in the paragraph numbered 2 of Plaintiff's Complaint.

3.      The allegations set forth in the paragraph numbered 3 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

4.      This Defendant is without specific information or knowledge from which to formulate an opinion as to the truth of the allegations in the paragraph numbered 4 of Plaintiff's Complaint.

5.      In response to the allegations set forth in the paragraph numbered 5 of Plaintiff's Complaint, this Defendant admits that Ralph W. Justus was a West Virginia State Police Officer at the time of the incident giving rise to the lawsuit.  The remaining allegations in the paragraph numbered 5 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

6.      In response to the allegations set forth in the paragraph numbered 6 of Plaintiff's Complaint, this Defendant admits that Jarod A. Tupper was a West Virginia State Police Officer at the time of the incident giving rise to the lawsuit.  The remaining allegations in the paragraph numbered 6 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

7.      This Defendant cannot respond to the allegations in the paragraph numbered 7 of Plaintiff's Complaint because Plaintiff has not identified the purported John Doe officers.

8.      In response to the paragraph numbered 8 of Plaintiff's Complaint, this Defendant denies that he has been involved in numerous other incidents of excessive force. However, this Defendant admits that he has or had other cases pending against him in the United States District Court for the Southern District of West Virginia.

9.      In response to the paragraph numbered 9 of Plaintiff's Complaint, to the best of this Defendant's knowledge, this Defendant is not under investigation as to the allegations of this Plaintiff.

10.     This Defendant cannot respond to the allegations set forth in the paragraph numbered 10 of Plaintiff's Complaint, as Plaintiff has not identified the purported John Doe.

11.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 11 of Plaintiff's Complaint.

12.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 12 of Plaintiff's Complaint.

13.     The allegations set forth in the paragraph numbered 13 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

14.     This Defendant denies the allegations set forth in the paragraph numbered 14 of Plaintiff's Complaint.

15.     In response to the paragraph numbered 15 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 14 above.

16.     In response to the paragraph numbered 16 of Plaintiff's Complaint, this Defendant admits that Jody Justice was driving illegally on or about September 30, 2016, and was stopped for the same.  This Defendant does not know where Ms. Justice was prior to illegally driving her vehicle.  This Defendant does not recall an infant being present in the vehicle.

17.     In response to the paragraph numbered 17 of Plaintiff's Complaint, this Defendant admits that Ms. Justice was stopped for driving her vehicle illegally.  This Defendant further admits that this stop occurred on a narrow road with the Plaintiff and Defendants driving toward each other.

18.     This Defendant denies the allegations set forth in the paragraph numbered 18 of Plaintiff's Complaint.

19.     In response to the paragraph numbered 19 of Plaintiff's Complaint, this Defendant admits that Trooper Tupper interacted with Plaintiff behind the police cruiser.  This Defendant denies any allegation that this location was selected in an effort to avoid the cruiser's video camera.  This Defendant further admits that he was initially beside the driver's side window of Ms. Justice who remained in her vehicle.

20.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 20 of Plaintiff's Complaint, as those allegations are made about Trooper Tupper.

21.     This Defendant cannot respond to what Plaintiff's wife alleges she heard and failed to see in response to the paragraph numbered 21 of Plaintiff's Complaint.

22.     This Defendant denies the allegations set forth in the paragraph numbered 22 of Plaintiff's Complaint.

23.     This Defendant denies the allegations set forth in the paragraph numbered 23 of Plaintiff's Complaint.

24.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 24 of Plaintiff's Complaint, as this Defendant does not currently have a copy of the purported recordings.

25.     This Defendant denies the allegations set forth in the paragraph numbered 25 of Plaintiff's Complaint.

26.     To the best of this Defendant's recollection, Plaintiff was not armed with a gun.  Accordingly, the paragraph numbered 26 of Plaintiff's Complaint is admitted.

27.     This Defendant denies the allegations set forth in the paragraph numbered 27 of Plaintiff's Complaint.

28.     This Defendant denies the allegations set forth in the paragraph numbered 28 of Plaintiff's Complaint.

29.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 29 of Plaintiff's Complaint, as this Defendant does not currently have a copy of the dispatch records.

30.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 30 of Plaintiff's Complaint, as this Defendant does not currently have a copy of the dispatch records.  However, this Defendant admits that Plaintiff was eventually taken to Welch Community Hospital.

31.     In response to the paragraph numbered 31 of Plaintiff's Complaint, this Defendant admits that Plaintiff was eventually taken to Welch Community Hospital.

32.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 32 of Plaintiff's Complaint.

33.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 33 of Plaintiff's Complaint.

34.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 34 of Plaintiff's Complaint, as those allegations are not lodged against this Defendant.

35.     To the extent that the paragraph numbered 35 of Plaintiff's Complaint alleges unconstitutional or illegal activities by this Defendant, those allegations are denied. Notwithstanding, upon information and belief, this Defendant admits that Plaintiff checked himself out against medical advice.

36.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 36 of Plaintiff's Complaint, as Plaintiff did not attach the purported records.

37.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 37 of Plaintiff's Complaint, as Plaintiff did not attach the purported records.

38.     This Defendant denies the allegations set forth in the paragraph numbered 38 of Plaintiff's Complaint.

39.     This Defendant denies the allegations set forth in the paragraph numbered 39 of Plaintiff's Complaint.

40.     This Defendant denies the allegations set forth in the paragraph numbered 40 of Plaintiff's Complaint.

41.     The allegations in the paragraph numbered 41 of Plaintiff's Complaint are denied.

42.     This Defendant denies the allegations set forth in the paragraph numbered 42 of Plaintiff's Complaint.

43.     This Defendant denies the allegations set forth in the paragraph numbered 43 of Plaintiff's Complaint.

44.     This Defendant denies the allegations set forth in the paragraph numbered 44 of Plaintiff's Complaint.

45.     In response to the paragraph numbered 45 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 44 above.

46.     This Defendant denies the allegations set forth in the paragraph numbered 46 of Plaintiff's Complaint.

47.     This Defendant denies the allegations set forth in the paragraph numbered 47 of Plaintiff's Complaint.

48.     This Defendant denies the allegations set forth in the paragraph numbered 48 of Plaintiff's Complaint.

49.     This Defendant denies the allegations set forth in the paragraph numbered 49 of Plaintiff's Complaint.

50.     This Defendant denies the allegations set forth in the paragraph numbered 50 of Plaintiff's Complaint.

51.     This Defendant denies the allegations set forth in the paragraph numbered 51 of Plaintiff's Complaint.

52.     This Defendant denies the allegations set forth in the paragraph numbered 52 of Plaintiff's Complaint.

53.     This Defendant denies the allegations set forth in the paragraph numbered 53 of Plaintiff's Complaint.

54.     In response to the paragraph numbered 54 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 53 above.

55.     This Defendant denies the allegations set forth in the paragraph numbered 55 of Plaintiff's Complaint.

56.     The paragraph numbered 56 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

57.     This Defendant denies the allegations set forth in the paragraph numbered 57 of Plaintiff's Complaint.

58.     This Defendant denies the allegations set forth in the paragraph numbered 58 of Plaintiff's Complaint.

59.     This Defendant denies the allegations set forth in the paragraph numbered 59 of Plaintiff's Complaint.

60.     This Defendant denies the allegations set forth in the paragraph numbered 60 of Plaintiff's Complaint.

61.     This Defendant denies the allegations set forth in the paragraph numbered 61 of Plaintiff's Complaint.

62.     This Defendant denies the allegations set forth in the paragraph numbered 62 of Plaintiff's Complaint.

63.     This Defendant denies the allegations set forth in the paragraph numbered 63 of Plaintiff's Complaint.

64.     In response to the paragraph numbered 64 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 63 above.

65.     This Defendant denies the allegations set forth in the paragraph numbered 65 of Plaintiff's Complaint.

66.     This Defendant denies the allegations set forth in the paragraph numbered 66 of Plaintiff's Complaint.

67.     This Defendant denies the allegations set forth in the paragraph numbered 67 of Plaintiff's Complaint.

68.     This Defendant denies the allegations set forth in the paragraph numbered 68 of Plaintiff's Complaint.

69.     This Defendant denies the allegations set forth in the paragraph numbered 69 of Plaintiff's Complaint.

70.     In response to the paragraph numbered 70 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 69 above.

71.     This Defendant denies the allegations set forth in the paragraph numbered 71 of Plaintiff's Complaint.

72.     This Defendant denies the allegations set forth in the paragraph numbered 72 of Plaintiff's Complaint.

73.     This Defendant denies the allegations set forth in the paragraph numbered 73 of Plaintiff's Complaint.

74.     In response to the paragraph numbered 74 of Plaintiffs' Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 73 above.

75.     This Defendant denies the allegations set forth in the paragraph numbered 75 of Plaintiff's Complaint.

76.     This Defendant denies the allegations set forth in the paragraph numbered 76 of Plaintiff's Complaint.

77.     This Defendant denies the allegations set forth in the paragraph numbered 77 of Plaintiff's Complaint.

78.     This Defendant denies the allegations set forth in the paragraph numbered 78 of Plaintiff's Complaint.

79.     This Defendant denies the allegations set forth in the paragraph numbered 79 of Plaintiff's Complaint.

80.     This Defendant denies the allegations set forth in the paragraph numbered 80 of Plaintiff's Complaint.

81.     In response to the paragraph numbered 81 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 80 above.

82.     This Defendant denies the allegations set forth in the paragraph numbered 82 of Plaintiff's Complaint.

83.     This Defendant denies the allegations set forth in the paragraph numbered 83 of Plaintiff's Complaint.

84.     This Defendant denies the allegations set forth in the paragraph numbered 84 of Plaintiff's Complaint.

85.     This Defendant denies the allegations set forth in the paragraph numbered 85 of Plaintiff's Complaint.

86.     This Defendant denies the allegations set forth in the paragraph numbered 86 of Plaintiff's Complaint.

87.     This Defendant denies the allegations set forth in the paragraph numbered 87 of Plaintiff's Complaint.

88.     In response to the paragraph numbered 88 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 87 above.

89.     This Defendant denies the allegations set forth in the paragraph numbered 89 of Plaintiff's Complaint.

90.     This Defendant denies the allegations set forth in the paragraph numbered 90 of Plaintiff's Complaint.

91.     This Defendant denies the allegations set forth in the paragraph numbered 91 of Plaintiff's Complaint.

92.     This Defendant denies the allegations set forth in the paragraph numbered 92 of Plaintiff's Complaint.

93.     This Defendant denies the allegations set forth in the paragraph numbered 93 of Plaintiff's Complaint.

94.     In response to the paragraph numbered 94 of Plaintiff's Complaint, this Defendant incorporates herein by reference his responses to the paragraphs numbered 1 – 93 above.

95.     This Defendant denies the allegations set forth in the paragraph numbered 95 of Plaintiff's Complaint.

96.     This Defendant denies the allegations set forth in the paragraph numbered 96 of Plaintiff's Complaint.

97.     This Defendant denies each and every allegation not specifically admitted herein.

## JURY TRIAL

This Defendant demands a trial by jury on all issues deemed so triable by the Court.

## THIRD DEFENSE

This Defendant was privileged and within the scope of his lawful authority in all actions undertaken.

## FOURTH DEFENSE

This Defendant reserves the right to argue that the conduct of Plaintiff was the competent-producing cause of his alleged injuries, if any.

## FIFTH DEFENSE

This Defendant is entitled to immunity from any award of damages because this Defendant did not cause the deprivation of any clearly established constitutional right or privilege of Plaintiff.

## SIXTH DEFENSE

This Defendant raises the affirmative defenses of privilege, immunity and contributory and/or comparative fault.

## SEVENTH DEFENSE

This Defendant acted reasonably and in good faith under the circumstances and are therefore immune from liability.

## EIGHTH DEFENSE

This Defendant was not deliberately indifferent towards Plaintiff and therefore he is immune from Plaintiff's claims.

## NINTH DEFENSE

This Defendant did not use excessive force.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates the laws of the United States of America and of West Virginia.

## ELEVENTH DEFENSE

This Defendant reserves the right to argue that Plaintiff failed to mitigate his damages, if any.

This Defendant reserves the right to raise any and all further defenses which may arise during the course of this litigation.

WHEREFORE, this Defendant respectfully requests that he be dismissed from this action and he be awarded his costs, including any attorneys fees expended herein.

**RALPH W. JUSTUS,**

**By Counsel,**

**STEPTOE & JOHNSON PLLC**
**By Counsel**

/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
Chase Tower, 17th Floor
Post Office Box 1588
Charleston, WV 25326-1588
Telephone:   304-353-8000
Facsimile:   304-353-8180
michael.mullins@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**JAMIE S. JUSTICE,**

   **Plaintiff,**

**v.**               **CIVIL ACTION NO. 1:17-cv-03967**
               **(The Honorable David A. Faber, Judge)**

**RALPH W. JUSTUS,**
**JAROD A. TUPPER, and**
**JOHN DOE, individually as members of**
**the West Virginia State Police,**

   **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on the __13th__ day of November, 2017, I filed the foregoing

"**Ralph W. Justus' Answer to Plaintiff's Complaint**" by utilizing the CM/ECF system, which

will send electronic notification of said filing to the CM/ECF participants listed below:

Russell A. Williams (WVSB # 12710)   Gary E. Pullin, Esquire (WVSB # 4528)
Katz, Kantor, Stonestreet & Buckner, PLLC  Pullin Fowler Flanagan Brown & Poe PLLC
112 Capitol Street         901 Quarrier Street
Charleston, WV  25301       Charleston, WV  25301
*Counsel for Plaintiff*

Eric J. Buckner (WVSB # 9578)
Katz Kantor & Perkins
P.O. Box 727
Bluefield, WV  24701-0727
*Counsel for Plaintiff*

         /s/ Michael D. Mullins
         Michael D. Mullins (WVSB # 7754)
**STEPTOE & JOHNSON PLLC**   Chase Tower, 17th Floor
  **By Counsel**        Post Office Box 1588
         Charleston, WV 25326-1588
         Telephone:   304-353-8000
         Facsimile:   304-353-8180
         michael.mullins@steptoe-johnson.com
         *Counsel for Ralph W. Justus*